# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1105V
UNPUBLISHED

| | |
|---|---|
| JAMES MAHONEY, ESQ., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 5, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Steven Douglas Hillyard*, Law Office of Steven D. Hillyard, APC, Newport Beach, CA, for petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On July 30, 2018, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) after receiving the influenza vaccination on September 12, 2017. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On March 4, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $512,428.22, representing "$10,278.19 in compensation for projected life care expenses; $286,283.01 in lost earnings; $150,000.00 in actual and projected pain and suffering,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and $65,867.02 for past unreimbursable expenses." Proffer at 1.  The amount of compensation being awarded for projected life care expenses and projected pain and suffering has been reduced to net present value.  *Id.* at 1 n.1; *see* § 15(f)(4)(A) (requiring this reduction).  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $512,428.22, representing compensation in the amounts of $10,278.19 for his projected unreimbursable expenses, $65,867.02 for his actual unreimbursable expenses, $286,283.01 for his lost wages, and $150,000.00 for his actual and projected pain and suffering in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JAMES MAHONEY, ESQ., | ) | |
| | ) | |
| | ) | No. 18-1105V |
| Petitioner, | ) | Chief Special Master Corcoran |
| | ) | ECF |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine-Related Items:**

On February 27, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On the same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for Guillain-Barré Syndrome as a result of an influenza vaccination. Respondent proffers that, based on the evidence of record, petitioner, James Mahoney, Esq., should be awarded $512,428.22, which amount represents $10,278.19 in compensation for projected life care expenses; $286,283.01 in lost earnings; $150,000.00 in actual and projected pain and suffering, and $65,867.02 for past unreimbursable expenses.[1] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] This amount reflects that any award for projected life care expenses or projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(f)(4)(A).

1

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $512,428.22 in the form of a check payable to petitioner, James Mahoney, Esq.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

>                             Respectfully submitted,
>
>                             JOSEPH H. HUNT
>                             Assistant Attorney General
>
>                             C. SALVATORE D'ALESSIO
>                             Acting Director
>                             Torts Branch, Civil Division
>
>                             CATHARINE E. REEVES
>                             Deputy Director
>                             Torts Branch, Civil Division
>
>                             ALEXIS B. BABCOCK
>                             Assistant Director
>                             Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        */s/Camille M. Collett*
        CAMILLE M. COLLETT
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-4098

Dated: March 4, 2020