# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-1105V
(to be published)

| | |
|---|---|
| JAMES MAHONEY, ESQ., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 3, 2020 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Steven Douglas Hillyard*, Law Office of Steven D. Hillyard, APC, Newport Beach, CA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 30, 2018, Petitioner, James Mahoney, Esq., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") after receiving the influenza vaccine on September 12, 2017. (Petition at 1, ¶ 2). On March 30, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 49).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 27, 2020 (ECF No. 47), requesting an award of $126,192.10 (representing $124,397.00 in fees, and $1,795.10 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he has incurred out-of-pocket expenses in the amount of $4,987.50. (ECF No. 46). The total amount of fees and costs requested equals $131,179.60. Respondent reacted to the motion on March 30, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and otherwise deferring resolution of the amount to be awarded to my discretion. (ECF No. 49). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT IN PART, Petitioner's motion, and award final attorney's fees and costs in the amount of **$57,977.07**.

## I.    LEGAL STANDARD

Since Petitioner was awarded compensation for his injury, he is entitled to an award of <u>reasonable</u> attorney's fees and costs. Section 15(e)(1) (emphasis added). As the Federal Circuit has noted, these fees and costs are "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).

Reasonable attorney's fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). In their fee application, claimants "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

2

Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.  ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests that I endorse the hourly rate of $455 per hour for both Steven Hillyard and his associate, Rudy Pacheco, for all time billed by both attorneys in this matter from 2018 to 2020. (ECF No. 47 at 2). I find adjustments are needed to the rates requested, due to each attorney's inexperience in the Vaccine Program.

#### i.  Rudy Pacheco

Mr. Pacheco has been a licensed attorney in California since 2014 and has billed the majority of time in this case. (ECF No. 47-1 at 2). Based on the year he became a licensed attorney, Mr. Pacheco would fall under the range of attorneys with 4 – 7 years' experience on the OSM Attorney's Forum Rate Schedules for the work he performed in this case.[3] Mr. Pacheco's requested rate of $455 per hour, however, greatly exceeds what an attorney with comparable overall legal experience (even those with greater experience in the Vaccine Program) would receive. The appropriate experience ranges for an attorney with Mr. Pacheco's overall years of experience would be as follows: $238 - $317 per hour for 2018; $243 - $324 per hour for 2019; and $253 - $337 per hour for 2020.[4] When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. 2015 WL 5634323, at *17.

---

[3] Beginning in 2015-16, schedules for attorney's rates based upon the ranges set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), which has been endorsed by all sitting special masters as of October 24, 2016. The original schedule for 2015-16 as well as yearly updates are posted on the court's website at www.cofc.uscourts.gov/node/2914.

[4] These ranges can be found in OSM Attorney's Forum Hourly Rate Schedules for years 2018, 2019, and 2020.

3

At the start of this case, Mr. Pacheco had four years of overall experience but no experience in the Vaccine Program.[5] This lack of experience is reflected in the billing records. For example, Mr. Pacheco spent numerous hours researching basic aspects of the Vaccine Program, such as the Vaccine Rules, and excessively documenting and preparing for routine email and telephone correspondence.[6] While the quality of Mr. Pacheco's work was good, he required more time per task than would be required for an attorney with the same overall experience but greater experience in the Vaccine Program. It is for these reasons I find it appropriate to reduce the requested hourly rate for Mr. Pacheco for all periods of work performed on this matter to something more in line with his Vaccine Program experience and overall legal experience, and therefore award the following rates:

- $238 per hour for work performed in 2018;
- $243 per hour for work performed in 2019; and
- $253 per hour for work performed in 2020.

Based upon the rates I am permitting for Mr. Pacheco, the amount of fees to be awarded in this case is reduced by **$44,736.10**.[7]

> ii.  Steven Hillyard

Steven Hillyard has been a licensed attorney since 1975, placing him in the range of attorneys with over 31 years of experience. (ECF No. 47-1 at 1). Just as with Mr. Pacheco, however, this is Mr. Hillyard's first case in the Vaccine Program. Mr. Hillyard's requested rate of $455 per hour is within the range for attorneys at his level of overall experience, albeit on the highest end of the range. In addition, the nature of work Mr. Hillyard performed in this matter appears to have been substantively limited. The billing

---

[5] It appears this is Mr. Pacheco's first vaccine case.

[6] For example, prior to filing the petition in this case, Mr. Pacheco spent 8.40 hours reviewing the Vaccine Rules, caselaw, and filing guidelines in this case. (47-3 at 1-2, entries dated 5/15/18,7/2/18. 7/15/18). On April 30, 2019, Mr. Pacheco spent 3.40 hours reviewing Respondent's status report requesting additional medical records (a two-page document) and responding to correspondence from Respondent's counsel. (47-3 at 11).

[7] This amount consists of ($455 - $238 = $217 x 83.3 hrs = $18,076.10) + ($455 - $243 = $212 x 110.70 hrs = $23,468.40) + ($455 - $253 = $202 x 15.8 hrs = $3,189.60) = $44,736.10.

records reveal that the tasks billed by Mr. Hillyard consisted mainly of initial meetings with Petitioner, research, and consulting with Mr. Pacheco on aspects of the case.[8]

Due to Mr. Hillyard's limited experience in the Vaccine Program and the nature of work performed, I find it appropriate to reduce his rates as follows:

- $407 per hour for work performed in 2018;
- $415 per hour for work performed in 2019; and
- $433 per hour for work performed in 2020.

Reducing the hourly rates allowed for Mr. Hillyard further reduces the total amount of fees to be awarded in the amount of **$2,493.40**.[9]

### iii. Paralegal Tasks at Attorney Rates

The filed attorney invoices reveal multiple instances in which tasks that are considered paralegal in nature were billed at attorney rates. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of such instances include:

- July 27, 2018 (2.30 hrs) "Contacted clerk concerning questions regarding service on respondents, initial pleadings. Reviewed rules of Court. Prepared paper copy for service on defendants";

---

[8] Examples of these entries included: March 20, 2018 (1.50 hrs) "Research vaccine rules of U.S. Court of Federal Claims"; October 19, 2018 (3.0 hrs) "Confer and review materials regarding preparation for court hearing on Monday October 22nd – status conference"; March 13, 2019 (0.30 hrs) "Discussion with Randy Pacheco regarding economic expert v. life care planner" and April 4, 2019 (1.0 hrs) "Research judge and cases". (ECF No. 47-3 at 1, 4, 8 and 9). These are merely examples and not an exhaustive list.

[9] This amount consists of ($455- $407 = $48 x 16.8 hrs = $806.40) + ($455- $415 = $40 x 35.3 hrs = $1,412) + ($455 - $433 = $22 x 12.5 hrs = $275) = $2,493.40.

5

- November 9, 2018 (0.40 hrs) "Filed exhibit 15-16, certificate of completion, notice of filing, served same on respondents via post office";

- April 18, 2019 (0.30 hrs) "Accessed client's portal at Cedar Sinai regarding records and sent a formal request for updated medical records"; and

- April 23, 2019 (3.10 hrs) "Downloaded neurologist medical records; created exhibits 17, 18, 19 and 20 and arranged for filing and for service tomorrow – pdfs were word-searched formatted and downloaded to a CD for service"; and

- May 3, 2019 (0.40 hrs) "Prepared update exhibit list and new exhibit. Filed and served exhibit 34 and update exhibit (VAERS) report."

(ECF No. 47-3 at 3, 5, 10 and 11).

Although this time may be reimbursed, I will do so only at the rate of $145 per hour, an hourly rate more in line with that of a paralegal.[10] This reduces the request for attorney fees in the amount of **$3,802.30**.[11]

### B. Block Billing, Disallowed or Reduced Billing, Excessive Billing

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees requested must be reduced to account for tasks billed that include administrative time, non-compensable time, and time billed incorrectly for travel. After a review of the records, a majority of these entries are blocked with other tasks - making it extremely difficult to parse out the time inappropriately billed to this matter. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task."[12] Several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

---

[10] Petitioner's motion claims that paralegals at his counsels' firm bill time at the rates of $132 - $153 per hour, although it does not appear from the filed invoices that any paralegals actually worked on this matter. (ECF No. 47-2 at 2).

[11] This amount consists of the already reduced attorney rates as follows ($238 - $145 = $93 x 22.30 hrs = $2,073.90) + ($243 - $145 = $98 x 14 hrs = $1,372) + ($253 - $145 = $108 x 0.80 hrs = $86.40) + ($415 - $145 = $270 x 1 hr = $270) = $3,802.30.

[12] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf.

The filed billing records also reveal multiple instances when Petitioner seeks compensation for work usually not paid or for which a reduced hourly rate is more appropriate. For example, there are several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- July 18, 2018 (0.60 hrs) "Reviewed the biographical information of the doctors discussed and obtained picture profiles for easy identification, organized by specialty";

- July 27, 2018 (0.50 hrs) "Prepared electronic copies for filing";

- November 6, 2018 (0.30 hrs) "Formatted 837 pages of medical records for word recognition in anticipation of filing";

- February 13, 2019 (0.30 hrs) "Reformatted over 200 pages of EOBs from Medicare;

- March 20, 2020 (0.10) "Receive proof of payment regarding Zengler"; and

- March 20, 2020 (0.40) "Telephone discussion with Pacer representative to attempt to fix glitch regarding Pacer account in order to regain filing ability."

(ECF No. 47-3 at 3, 5, 8, 22 and 23).

Additionally, attorneys Hillyard and Pacheco billed almost 20 hours of time performing basic research regarding the Vaccine Program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."

*Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples of these entries include:

- July 2, 2018 (2.20 hrs) "Reviewed vaccine rules; considerations in mind: extent of medical records needed, video(s) regarding before and after for damages exhibit, potential timeline, potential settlement conference";

- April 4, 2019 (1.00 hrs) "Research judge and cases"; and

- June 10, 2019 (0.70 hrs) "Researched question regarding tax and vaccine award. Conferred with SDH regarding status of case and client's concern."

(ECF No. 47-3 at 2, 9, and 12).

The Petitioner's attorneys also billed for tasks which are not relevant to or allowable under the Vaccine Program. For example, Mr. Pacheco billed 1.80 hours to prepare a retainer on May 20, 2018. (ECF No. 47-3 at 1). As I explain in Section III below, however, such arrangements are *prohibited* under the Vaccine Program. Thus, it is inappropriate to pay for this time.

Other entries appear to be unrelated to the vaccine proceeding and possibly relevant to a potential civil award. Under the Vaccine Program, reasonable attorney's fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 5(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated.  *Krause*, 2012 WL 4477431, at *6.

There are several entries regarding meetings with or correspondence regarding Judge Bob Jameson. It is unclear what role Judge Jameson played, but it appears he may have been consulted regarding the appropriate valuation of this case. However, there is no evidence suggesting he is experienced in the Vaccine Program. Thus, it appears Judge Jameson's involvement was related to a future civil action. Even if related to the vaccine proceeding, this time would still be disallowed as I do not find Judge Jameson's involvement necessary. These entries include:

- March 19, 2018 (7.00 hrs) "Preparation for and appearance at Santa Monica for meeting with Jim Mahoney, his wife and Judge Jameson. Discussion about facts of case and injuries";

8

- April 3, 2019 (0.10 hrs) "Email to client regarding Bob Jameson's invite to April 11, 2019 meeting"; and

- January 23, 2020 (0.30 hrs) "Conferred with SDH regarding reaching out to Judge Jameson regarding settlement offers/memo."

(ECF No. 47-3 at 1, 9, and 19).

Finally, attorneys Hillyard and Pacheco have billed for time traveling to meetings with Petitioner, and block billed time billed for the meetings in the same entry.[13] In the Vaccine Program, however, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). On March 19, 2018, Mr. Hillyard billed seven hours for a meeting with Petitioner and on July 25, 2019, Mr. Pacheco billed six and a half hours for travel and meeting with the Petitioner. (ECF No. 47-3 at 1, 3). As the travel time is billed together with the time meeting with Petitioner, I am unable to decipher the amount of time spent on each task. However, it is clear from the billing records that a 50 percent reduction of any travel time along with the tasks which would be disallowed under the Vaccine program total at least 30 hours.

Invoices show that Mr. Hillyard and Mr. Pacheco billed 273.40 hours between March 2018 – March 2020. This quantity of hours, in comparison to the length of time billed, is extreme in comparison to other GBS case in the Vaccine Program.[14] (ECF No. 47-3 at 23). Recently filed attorney fee decisions in GBS cases in the Vaccine Program, specifically, similar cases in the Special Processing Unit, have submitted billing invoices reflecting the total number of hours to be significantly less than the total amount of hours submitted in this matter. *See Allen v. Sec'y of Health & Human Servs., No.* 18-0693V, 2020 WL 1670708, (Fed. Cl. Spec. Mstr. March 4, 2020) (Billing a total of 119 hours from July 2017 – February 2020); *Kirkpatrick v. Sec'y of Health & Human Servs.,* No. 18-

---

[13] The time billed by Mr. Hillyard does not explicitly state that he traveled during this time, but travel time is implied as he requests reimbursement for mileage costs on that date. (ECF No. 47-3 at 1).

[14] The excessive billing includes over 16 hours reviewing Vaccine Guidelines and Rules, and both attorneys attending in person meetings and calls.

1271V, 2020 WL 1866855 (Fed. Cl. Spec. Mstr. March 10, 2020) (Billing a total of 133 hours from January 2017 – January 2020) and *Barrera v. Sec'y of Health & Human Servs.,* No. 18-1304V, 2020 WL 1486803, (Fed. Cl. Spec. Mstr. February 12, 2020) (Billing a total of 59.6 hours from January 2017 – February 2020). This excessive number of hours reflects counsel's inexperience in the Vaccine Program and the streamlined billing practices to which more experienced attorneys in the Program are accustomed.

Special Masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I hereby reduce the request for attorney fees by 10 percent for each of the reasons listed above. This results in an overall 30 percent reduction for a total of **$22,009.56.**[15]

### III. ATTORNEY AND PETITIONER COSTS

Petitioner requests $6,782.60 in overall costs, consisting of $1,795.10 in attorney costs and $4,987.50 in costs incurred personally by Petitioner. (ECF No. 47-4 at 1). This amount is comprised of expert costs, copy costs, and the Court's filing fee. Some of these requested costs warrant further scrutiny.

First, Petitioner requests reimbursement for copies, at a rate of $0.25 per page, for 1,929 pages for a total of $482.25. But these rates are in excess of what is awarded for in-house printing. See *Fragoso v. Sec'y of Health & Human Servs.*, No. 08-236V, 2011 WL 300139 (Fed. Cl. Spec. Mstr. Jan. 6, 2011). I find no reason to deviate from what is regularly awarded in the Program, and thus reduce the request for copy costs to $0.20 per page. This results in a reduction of attorney costs in the amount of **$96.45**.

---

[15] This amount is calculated after the hourly rate reduction was reduced from the total. $124,397.00 - $44,736.10 - $2,493.40 - $3,802.30= $73,365.20 x .30 = $22,009.56.

10

Second, Petitioner is requesting a total of $64.72 in postage charges. No invoices for these charges were provided, however, and Petitioner's counsel has stated in response to inquiries requesting substantiation that their office would not be able to provide these invoices as they are not available.[16] With no supporting documentation, I deny this part of the costs request. The request for costs is thus further reduced by **$64.72**.

The bulk of costs sought in this case are comprised of $4,987.50 paid by Petitioner for an economic expert, and $750.00 paid by Petitioner's counsel for a life care planner. Although Petitioner did not obtain prior approval for these expenses as instructed in the initial order filed July 31, 2018 (ECF No. 5), I became aware of these expenses and agree that the services provided were helpful in resolving this case. Additionally, the hourly rates of these experts and total amounts sought were reasonable. As Respondent's economist was being consulted, it is appropriate that Petitioner retain his own economic expert. *See* Status Report, filed Feb. 3, 2020 (ECF No. 35). These costs will be paid in full.

### IV. WARNING RE FEE ARRANGEMENTS IN THE VACCINE PROGRAM

In the process of deciding the present fees request, I have learned (from the materials filed in support of the request) that Petitioner has a retainer agreement with his counsel that obligates him personally to reimburse counsel for costs and fees not paid by the Program. (ECF No. 47-2). This kind of arrangement, however, while acceptable between lawyer and client *outside* of the Program, is wholly impermissible *within* the Program, where fees and costs can only be obtained by order of the special master presiding over the case. *See* Section 15(e)(3) ("[n]o attorney may charge any fee for services in connection with a petition . . . *which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)*") (emphasis added).

The Federal Circuit addressed this issue in *Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (1991), affirming the Claims Court's "jurisdiction to proscribe the fee agreement before it."[17] 924 F.2d at 1037. The Circuit reasoned that the Claims Court's

---

[16] Court staff contacted counsel for Petitioner by email on May 12, 2020, requesting invoices or documentation for the copy costs. Mr. Pacheco responded stating that their office has in house postage and calculate charges manually, therefore no documentation can be provided. Counsel for Respondent was copied on all correspondence.

[17] In *dictum*, the Circuit indicated that the Claims Court's authority would not extend to any future agreement between petitioner and counsel. *Beck*, 924 F.2d at 1036-37; *see* 28 U.S.C. § 171(a) (1988) (declaring the United States Court of Federal Claims to be a court established under Article I of the Constitution of the United States) and thus, limited to the authority expressly granted to it by Congress).

disapproval of the fee agreement in *Beck* was "a necessary part of its duty to allocate victim and attorney compensation in the manner Congress intended." *Id.* at 1036. The Circuit explained that to hold otherwise would redirect a portion of the compensation awarded to a petitioner to counsel and thus, violate Congressional intent. *Id.* at 1034-35. Following the Federal Circuit's guidance, other special masters have disallowed similar agreements. *See,* e.g., *K.O. v. Sec'y of Health & Human Servs.,* No. 13-0472V, 2017 WL 4385751 (Fed. Cl. Spec. Mstr. Aug. 22, 2017); *Estate of Kapp by and through Fidelity Bank v. Sec'y of Health & Human Servs.,* No. 16-0487V, 2017 WL 2601989 (Fed. Cl. Spec. Mstr. Jan. 17, 2017); *Pestka v. Sec'y of Health & Human Servs.,* No. 06-708V, 2015 WL 11109789 (Fed. Cl. Spec. Mstr. Mar. 25, 2015).

I raise this issue both to bring it to Petitioner's and counsel's attention, and also to admonish counsel that any attempt to recover from Petitioner any fees or costs that have been requested herein but not awarded by this Decision would constitute a violation of the Vaccine Act. Enforcement of this part of the retainer agreement despite this admonition would also raise legitimate questions about counsel's ethical conduct that would have to be brought to the attention of the Court of Federal Claims's disciplinary body.

## V.     CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs in successful cases. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs in the total amount of $57,977.07. This amount should be distributed as follows:

- **A lump sum of $52,989.57, representing reimbursement for attorney's fees in the amount of $51,355.64 and costs in the amount of $1,633.93, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $4,987.50, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[18]

**IT IS SO ORDERED.**

---

[18] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master